**FILED**

**JULY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FRANCIS RYAN, )<br><br>Plaintiff, )<br><br>v. )<br><br>FLEXI-BOGDAHN INTERNATIONAL, )<br>GMBH & CO KG, a German corporation,)<br>FLEXI USA, INC., a Wisconsin )<br>corporation and WAL-MART STORES, )<br>INC., an Arkansas corporation, )<br><br>Defendants. ) | CASE NO.:<br><br>**08 C 50137**<br><br>**JUDGE KAPALA**<br>**MAGISTRATE JUDGE MAHONEY** |

### DEFENDANTS, FLEXI USA, INC. AND WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. § 1441, *et. seq.,* Defendants, Flexi USA, Inc., ("Flexi USA"), a Wisconsin Corporation, and Wal-Mart Stores, Inc. ("Wal-Mart"), a Delaware corporation, give Notice of Removal of the above-captioned cause, Court No. 08 L 50, commenced in the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois to this Court. In support of this Notice of Removal, Flexi USA and Wal-Mart state as follows:

1.    On May 12, 2008, Plaintiff, Francis Ryan, filed a Complaint sounding in negligence, strict Liability and breach of warranties in the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, naming, among others, Flexi USA and Wal-Mart as Defendants under case No. 08 L 50 ("the State Court action"). (A copy of Plaintiff's Complaint at Law is attached as Exhibit A).

2.    Plaintiff demands a judgment for compensatory damages, attorneys' fees and other unspecified damages in his favor and against Defendants relating to personal

injuries he claims to have sustained as a result of an allegedly defective dog leash. (See Exhibit A).

3.　　Upon information and belief, on or about June 16, 2008, Flexi USA was served with a copy of the Summons and Complaint at Law in the State Court action.

4.　　On June 10, 2008, Wal-Mart was served with a copy of the Summons and Complaint at Law in the State Court action. (A copy of the Service of Summons is attached as Exhibit B).

5.　　This Notice of Removal is being filed within thirty (30) days of Service of the Summons and Complaint on Flexi USA and Wal-Mart.

6.　　For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state in which it has a principal place of business. *See* 28 U.S.C. § 1332(c) (1).

7.　　Flexi USA is a Wisconsin corporation with its principal place of business in Ohio. Thus, Flexi USA alleges that it is a citizen of either Wisconsin or Ohio for purposes of diversity of jurisdiction in support of this Notice of Removal.

8.　　Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. Thus, Wal-Mart alleges that it is a citizen of either Delaware or Arkansas for purposes of diversity of jurisdiction in support of this Notice of Removal.

9.　　Flexi USA and Wal-Mart are informed and believe, and therefore allege, that the Plaintiff is a citizen of Illinois.

10.　　Flexi USA and Wal-Mart are informed and believe, and therefore allege, that Defendant, Bogdahn International, is a German corporation with its principal place of business in Germany. Thus, Flexi USA and Wal-Mart allege that Bogdahn

2

International is a citizen of Germany. On information and belief, Bogdahn International has not been served with process.

11.    Flexi USA and Wal-Mart further reasonably believe in good faith that based on the underlying damage alleged in Plaintiff's Complaint and prior demands made by Plaintiff, that this matter in controversy exceeds $75,000.00, exclusive of interests and costs. (The Affidavit of Nicholas J. Parolisi, Jr. is attached as Exhibit C).

12.    Based upon the foregoing, this Court would have had original diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a), in the event Plaintiff elected to file this action initially in federal court. Specifically, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this litigation is between citizens of different states. As such, Flexi USA and Wal-Mart are entitled to remove the State Court action to federal court pursuant to 28 U.S.C. § 1441(a).

13    Because this Court is in the United States District Court for the district and division embracing the place where the State Court action was filed, it is the appropriate federal court for removal under 28 U.S.C. § 1441(a) and § 1446.

14.    Flexi USA and Wal-Mart have served a copy of this Notice of Removal on the Plaintiff and will file with the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, a Notice of Filing of Notice of Removal to the United States District Court for the Northern District of Illinois.

WHEREFORE, Flexi USA and Wal-Mart respectfully request that the aforesaid State Court action be removed from the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division, and prays further that this Honorable Court issue all

necessary orders and process and grant such other and further relief as in law and justice Flexi USA and Wal-Mart may be entitled to receive.

Dated July 10, 2008                                   Respectfully Submitted,

                                                      FLEXI USA, INC. AND WAL-MART
                                                      STORES, INC.


                                                      By:  /s/ Nicholas J. Parolisi, Jr.
                                                           One of Their Attorneys


Nicholas J. Parolisi, Jr. (ARDC No. 6201759)
Ohn Park (ARDC No. 6237839)
LITCHFIELD CAVO LLP
303 West Madison Street
Suite 300
Chicago, Illinois 60606
(312) 781-6665 (Parolisi)
(312) 781-6684 (Park)
(312) 781-6630 – fax
email: parolisi@litchfieldcavo.com
        park@litchfieldcavo.com

4

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed the foregoing Defendants, Flexi USA, Inc. and Wal-Mart Stores, Inc.'s Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Blake K. Consentino
213 S. 2nd Street
Dekalb, Illinois 60115
*Counsel for Plaintiff*

Dated: July 10, 2008          By:___/s/Nicholas J. Parolisi, Jr._____

Nicholas J. Parolisi, Jr. (ARDC No. 6201759)
Ohn Park (ARDC No. 6237839)
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, Illinois 60606
312/781-6665 (Parolisi)
312/781-6684 (Park)
312/781-6630 (fax)
email: parolisi@litchfieldcavo.com
        park@litchfieldcavo.com

# EXHIBIT A

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL
DEKALB COUNTY ILLINOIS

FILED

FRANCIS RYAN,

        Plaintiff,

      v.

MAY 1 2 2008

Maureen A. Josh Case No.
Clerk of the Circuit Court
DeKalb County, Illinois

FLEXI-BOGDAHN INTERNATIONAL,
GMBH & CO KG., a German Corporation,
FLEXI USA, INC., a Wisconsin
Corporation and WAL MART STORES,
INC., an Arkansas Corporation,
        Defendants

)
)
)
)
)
)
)
)
)
)

Plaintiff demands trial by jury

08 L 50

NOTICE
BY ORDER OF COURT THIS CASE IS
HEREBY SET FOR CASE MANAGEMENT
CONFERENCE TO BE CONDUCTED AT
THE DeKALB COUNTY COURTHOUSE,
SYCAMORE, IL IN ACCORDANCE WITH
SUPREME COURT RULE 218 BEFORE
JUDGE _____ ON 11/18/08
AT 9:30 AM PM. FAILURE
TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

## COMPLAINT AT LAW

Plaintiff complains and for causes of action alleges as follows:

### COMMON ALLEGATIONS

1. Plaintiff, Francis Ryan, is an individual and is now, and at all times mentioned in this complaint was, a resident of DeKalb County, Illinois.

2. Defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was, a foreign corporation organized and existing under the laws of the Country of Germany, with its principal place of business in Bargteheide, Germany.

3. Defendant Flexi USA, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cincinnati, Ohio.

4. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

5. Upon information and belief, defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes.

6. Upon information and belief, defendant Flexi USA, Inc is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes

1

manufactured by itself or by the defendant Flexi Bogdahn International, GmbH & CO KG.

7. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was a commercial supplier, in the business of inspecting and selling at retail to members of the public various types of household products, including dog leashes designed and manufactured by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi USA, Inc.

8. On or about May 10, 2006, plaintiff purchased from defendant Wal Mart Stores, Inc. a dog leash known as a "Classic Long 3" which was designed for "large dogs up to 110 lbs.". and that had previously been designed, manufactured, constructed, assembled, inspected, and sold by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi Usa, Inc.

9. On May 10, 2006, the dog leash had not been altered or changed in the condition in which it was supplied to the plaintiff when he attempted to use it, in the proper and intended manner, in the course of walking his dog, which weighed approximately 60 lbs., at which time it malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash casing to hit the plaintiff in the mouth which resulted in the injuries and damages described below.

## COUNT I-NEGLIGENCE OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

10. At all times mentioned in this complaint, defendant Flexi Bogdahn International, GmbH & CO KG breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

11. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

12. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.


## COUNT II-NEGLIGENCE OF FLEXI USA, INC.


2

13. At all times mentioned in this complaint, defendant Flexi USA, Inc. breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

14. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

15. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT III-NEGLIGENCE OF WAL MART

16. At all times mentioned in this complaint, defendant Wal Mart Stores, Inc. breached its duty to the plaintiff when it so negligently and carelessly inspected, maintained and sold the dog leash that was dangerous and unsafe for its intended uses.

17. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

18. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT IV-STRICT LIABILITY OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

19. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

20. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

21. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

22. As the commercial manufacturer of the dog leash, Flexi Bogdahn International, GmbH & CO. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT V-STRICT LIABILITY OF FLEXI USA

23. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

24. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

25. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

26. As the commercial manufacturer and/or distributor of the dog leash, Flexi USA, Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VI-STRICT LIABILITY OF WAL MART

4

27. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

28. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

29. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

30. As the commercial seller of the dog leash, Wal Mart Stores, Inc., Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above as such unreasonable dangerousness constituted a breach of the duty owed by the defendant to the plaintiff.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-315

31. Before it manufactured for sale the dog leash in this matter, Flexi Bogdahn International, GmbH & CO KG had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

32. Further, Flexi Bogdahn International, GmbH & CO KG had good reason to know that the plaintiff was relying on the manufacturer's skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

33. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi Bogdahn International, GmbH & CO KG's Implied Warranty of Fitness for a Particular Purpose.

34. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VIII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI USA IN VIOLATION OF 810 ILCS 5/2-315

35. Before it manufactured and/or distributed for sale the dog leash in this matter, Flexi USA, Inc. had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

36. Further, Flexi USA, Inc. had good reason to know that the plaintiff was relying on its skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

37. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi USA's Implied Warranty of Fitness for a Particular Purpose.

38. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.


## COUNT IX-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

39. Flexi Bogdahn International, GmbH & CO KG is a seller and manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

40. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

41. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT X-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI USA, INC.

42. Flexi USA, Inc. is a seller and/or manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

43. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

44. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XI-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY WAL MART STORES, INC.

47. Wal Mart Stores, Inc. is a seller of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

46. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

47. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XII-BREACH OF EXPRESS WARRANTY BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-313

48. As the manufacturer and seller of the dog leash at issue in this matter, the defendant Flexi Bogdahn International, GmbH & CO KG made several affirmations of fact,

7

promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

49. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

50. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

51. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XIII-BREACH OF EXPRESS WARRANTY BY FLEXI USA, INC. IN VIOLATION OF 810 ILCS 5/2-313

52. As the manufacturer and/or seller of the dog leash at issue in this matter, the defendant Flexi USA, Inc. made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

53. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

54. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

55. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XIV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG

56. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi Bogdahn International, GmbH & CO KG is subject to the strictures of the Magnuson-Moss Warranty Act.

57. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

58. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI USA, INC.

59. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi USA, Inc. is subject to the strictures of the Magnuson-Moss Warranty Act.

60. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

61. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. General damages in excess of $50,000.00 according to proof;

9

2. Special damages according to proof;

3. Attorney Fees as provided by the Magnuson Moss Warranty Act;

4. Costs of this action; and

5. Any other and further relief that the court considers proper.

_Blake K. Ch_
Blake K. Cosentino

Blake K. Cosentino
ARDC# 6282692
213 S. 2nd Street
DeKalb, IL 60115
815-758-4441

10

# EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/10/2008
CT Log Number 513514228

TO:     Kim Lundy
        Wal-Mart Stores, Inc.
        702 SW 8th Street
        Bentonville, AR 72716

RE:     **Process Served in Illinois**

FOR:    Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Francis Ryan, Pltf. vs. Flex Bogdahn International, etc., et al. including Wal Mart Stores, Inc., etc., Dfts.<br>*Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Summons, Notice, Complaint |
| COURT/AGENCY: | Dekalb County - 16th Judicial Circuit Court, IL<br>Case # 08 L 50 |
| NATURE OF ACTION: | Product Liability Litigation - Sold malfunction leash - Personal Injury - 05/10/2006 - Hardened plastic leash hit plaintiff in the mouth |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/10/2008 at 12:22 |
| APPEARANCE OR ANSWER DUE: | Within 30 days, exclusive of the day of service // 11/10/2008 at 9:30 a.m. - Case Management |
| ATTORNEY(S) / SENDER(S): | Blake K. Cosentino<br>213 S. 2nd Street<br>Dekalb, IL 60115<br>815-758-4441 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/10/2008, Expected Purge Date: 06/15/2008<br>Image SOP - Page(s): 13<br>Email Notification, Melanie McGrath-CT East<br>CLS-VerificationEast@wolterskluwer.com |
| SIGNED:<br>PER:<br>ADDRESS: | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| TELEPHONE: | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FRANCIS RYAN,<br><br>       Plaintiff,<br><br>   v.<br><br>FLEXI-BOGDAHN INTERNATIONAL,<br>GMBH & CO KG, a German corporation,<br>FLEXI USA, INC., a Wisconsin<br>corporation and WAL MART STORES,<br>INC., an Arkansas corporation,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF NICHOLAS J. PAROLISI, JR. IN SUPPORT OF
DEFENDANTS, FLEXI USA, INC. AND WAL-MART STORES, INC.'S
NOTICE OF REMOVAL**

Nicholas J. Parolisi, Jr., under oath, states that he is over the age of 18, has personal knowledge of, and is competent to testify to the following facts:

1.     I am a member of the law firm of Litchfield Cavo LLP, counsel for Defendants, Flexi USA, Inc. ("Flexi USA") and Wal-Mart Stores, Inc. ("Wal-Mart"), in the above-captioned matter.

2.     I make this affidavit in support of Flexi USA and Wal-Mart's Notice of Removal.

3.     Plaintiff's counsel has made a settlement demand of $115,754.08 for medical and dental bills, future dental bills, pain and suffering and other damages.

FURTHER AFFIANT SAYETH NOT.



_____
Nicholas J. Parolisi, Jr.

Subscribed and sworn to before

me this 10th day of July, 2008.

Notary Public

"OFFICIAL SEAL"
JANINE M MCINERNEY
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 07/01/09

THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

FRANCIS RYAN,                              )
                                          )
              Plaintiff,                   )
                                          )
       v.                                 )
                                          )
FLEXI-BOGDAHN INTERNATIONAL,   )          CASE NO.: 08 L 50
GMBH & CO KG, a German corporation,)
FLEXI USA, INC., a Wisconsin              )
corporation and WAL MART STORES,  )       **08 C 50137**
INC., an Arkansas corporation,            )
                                          )
              Defendants.                  )

## NOTICE OF FILING

TO:   Blake K. Consentino
      213 S. 2nd Street
      Dekalb, Illinois 60115

       **PLEASE TAKE NOTICE** that on July 10, 2008, we filed with the Clerk of
the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois,
Defendants, Flexi USA, Inc. and Wal-Mart Stores, Inc.'s Notice of Filing of Notice
of Removal, a copy of which is attached hereto and hereby served upon you.

                              LITCHFIELD CAVO LLP

                              By: _____
                                    Ohn Park

Nicholas J. Parolisi, Jr.
Ohn Park
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
Phone:  (312) 781-6665 (Parolisi)
Fax:  (312) 781-6630

## CERTIFICATE OF SERVICE

       I, Ohn Park, an attorney, under oath certify that I caused to be served the forgoing
document in the above-captioned case, on the above listed parties, by depositing same in the
U.S. Mailbox, located in the building at 303 West Madison Street, Chicago, Illinois 60606,
properly addressed and with proper postage prepaid, at or before the hour of 5:00 p.m. on July
10, 2008.

                              _____

THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

FRANCIS RYAN,                            )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )
                                         )
FLEXI-BOGDAHN INTERNATIONAL              )     CASE NO.: 08 L 50
GMBH & CO KG, a German corporation,)
FLEXI USA, INC., a Wisconsin             )
corporation and WAL MART STORES,         )
INC., an Arkansas corporation,           )
                                         )
          Defendants.                    )

## DEFENDANTS, FLEXI USA, INC. AND WAL-MART STORES, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on July 10, 2008, Defendants, Flexi USA, Inc. and Wal-Mart Stores, Inc., filed a Notice of Removal with the United States District Court for the Northern District of Illinois, Western Division. Pursuant to 28 U.S.C. § 1446(b), Defendants, Flexi USA, Inc. and Wal-Mart Stores, Inc., hereby file a copy of their Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), this Court shall take no further action with regard to the above captioned action unless and until remanded.

Dated July 10, 2008                     Respectfully Submitted,

                                        FLEXI USA, INC. AND WAL
                                        MART STORES, INC.

                                        By: _____
                                            One of Their Attorneys


Nicholas J. Parolisi, Jr. (ARDC No. 6201759)
Ohn Park (ARDC No. 6237839)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6665 (Parolisi)
(312) 781-6684 (Park)
(312) 781-6630 - fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FRANCIS RYAN,                         )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )
FLEXI-BOGDAHN INTERNATIONAL,          )      CASE NO.:
GMBH & CO KG, a German corporation,   )
FLEXI USA, INC., a Wisconsin          )
corporation and WAL-MART STORES,      )
INC., an Arkansas corporation,        )
                                      )
            Defendants.               )

## DEFENDANTS, FLEXI USA, INC. AND WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. § 1441, *et. seq.*, Defendants, Flexi USA, Inc., ("Flexi USA"), a Wisconsin Corporation, and Wal-Mart Stores, Inc. ("Wal-Mart"), a Delaware corporation, give Notice of Removal of the above-captioned cause, Court No. 08 L 50, commenced in the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois to this Court. In support of this Notice of Removal, Flexi USA and Wal-Mart state as follows:

1.     On May 12, 2008, Plaintiff, Francis Ryan, filed a Complaint sounding in negligence, strict Liability and breach of warranties in the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, naming, among others, Flexi USA and Wal-Mart as Defendants under case No. 08 L 50 ("the State Court action"). (A copy of Plaintiff's Complaint at Law is attached as Exhibit A).

2.     Plaintiff demands a judgment for compensatory damages, attorneys' fees and other unspecified damages in his favor and against Defendants relating to personal

injuries he claims to have sustained as a result of an allegedly defective dog leash. (See Exhibit A).

    3.    Upon information and belief, on or about June 16, 2008, Flexi USA was served with a copy of the Summons and Complaint at Law in the State Court action.

    4.    On June 10, 2008, Wal-Mart was served with a copy of the Summons and Complaint at Law in the State Court action. (A copy of the Service of Summons is attached as Exhibit B).

    5.    This Notice of Removal is being filed within thirty (30) days of Service of the Summons and Complaint on Flexi USA and Wal-Mart.

    6.    For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state in which it has a principal place of business. *See* 28 U.S.C. § 1332(c) (1).

    7.    Flexi USA is a Wisconsin corporation with its principal place of business in Ohio. Thus, Flexi USA alleges that it is a citizen of either Wisconsin or Ohio for purposes of diversity of jurisdiction in support of this Notice of Removal.

    8.    Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. Thus, Wal-Mart alleges that it is a citizen of either Delaware or Arkansas for purposes of diversity of jurisdiction in support of this Notice of Removal.

    9.    Flexi USA and Wal-Mart are informed and believe, and therefore allege, that the Plaintiff is a citizen of Illinois.

    10.    Flexi USA and Wal-Mart are informed and believe, and therefore allege, that Defendant, Bogdahn International, is a German corporation with its principal place of business in Germany. Thus, Flexi USA and Wal-Mart allege that Bogdahn

International is a citizen of Germany.  On information and belief, Bogdahn International has not been served with process.

11.     Flexi USA and Wal-Mart further reasonably believe in good faith that based on the underlying damage alleged in Plaintiff's Complaint and prior demands made by Plaintiff, that this matter in controversy exceeds $75,000.00, exclusive of interests and costs.  (The Affidavit of Nicholas J. Parolisi, Jr. is attached as Exhibit C).

12.     Based upon the foregoing, this Court would have had original diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a), in the event Plaintiff elected to file this action initially in federal court.  Specifically, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this litigation is between citizens of different states.  As such, Flexi USA and Wal-Mart are entitled to remove the State Court action to federal court pursuant to 28 U.S.C. § 1441(a).

13     Because this Court is in the United States District Court for the district and division embracing the place where the State Court action was filed, it is the appropriate federal court for removal under 28 U.S.C. § 1441(a) and § 1446.

14.     Flexi USA and Wal-Mart have served a copy of this Notice of Removal on the Plaintiff and will file with the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, a Notice of Filing of Notice of Removal to the United States District Court for the Northern District of Illinois.

WHEREFORE, Flexi USA and Wal-Mart respectfully request that the aforesaid State Court action be removed from the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division, and prays further that this Honorable Court issue all

necessary orders and process and grant such other and further relief as in law and justice Flexi USA and Wal-Mart may be entitled to receive.

Dated July 10, 2008                                   Respectfully Submitted,

                                                      FLEXI USA, INC. AND WAL-MART
                                                      STORES, INC.


                                          By: /s/ Nicholas J. Parolisi, Jr.
                                                  One of Their Attorneys


Nicholas J. Parolisi, Jr. (ARDC No. 6201759)
Ohn Park (ARDC No. 6237839)
LITCHFIELD CAVO LLP
303 West Madison Street
Suite 300
Chicago, Illinois 60606
(312) 781-6665 (Parolisi)
(312) 781-6684 (Park)
(312) 781-6630 – fax
email: parolisi@litchfieldcavo.com
        park@litchfieldcavo.com

4

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed the foregoing Defendants, Flexi USA, Inc. and Wal-Mart Stores, Inc.'s Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Blake K. Consentino
213 S. 2nd Street
Dekalb, Illinois 60115
*Counsel for Plaintiff*

Dated: July 10, 2008          By:    /s/Nicholas J. Parolisi, Jr.

Nicholas J. Parolisi, Jr. (ARDC No. 6201759)
Ohn Park (ARDC No. 6237839)
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, Illinois 60606
312/781-6665 (Parolisi)
312/781-6684 (Park)
312/781-6630 (fax)
email: parolisi@litchfieldcavo.com
       park@litchfieldcavo.com

# EXHIBIT A

NOTICE
BY ORDER OF COURT THIS CASE IS
HEREBY SET FOR CASE MANAGEMENT
CONFERENCE TO BE CONDUCTED AT
THE DeKALB COUNTY COURTHOUSE,
SYCAMORE, IL IN ACCORDANCE WITH
SUPREME COURT RULE 218 BEFORE
JUDGE _Klein_ ON _11/10/08_
AT _9:30_ AM PM. FAILURE
TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

FILED

FRANCIS RYAN,

    Plaintiff,

MAY 1 2 2008

Maureen A. Josh Case No.
Clerk of the Circuit Court
DeKalb County, Illinois

  v.

FLEXI-BOGDAHN INTERNATIONAL,
GMBH & CO KG, a German Corporation,
FLEXI USA, INC., a Wisconsin
Corporation and WAL-MART STORES,
INC., an Arkansas Corporation,
    Defendants

Plaintiff demands trial by jury

08L 50

## COMPLAINT AT LAW

Plaintiff complains and for causes of action alleges as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Francis Ryan, is an individual and is now, and at all times mentioned in this complaint was, a resident of DeKalb County, Illinois.

2. Defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was, a foreign corporation organized and existing under the laws of the Country of Germany, with its principal place of business in Bargteheide, Germany.

3. Defendant Flexi USA, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cincinnati, Ohio.

4. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

5. Upon information and belief, defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes.

6. Upon information and belief, defendant Flexi USA, Inc is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes

1

manufactured by itself or by the defendant Flexi Bogdahn International, GmbH & CO KG.

7. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was a commercial supplier, in the business of inspecting and selling at retail to members of the public various types of household products, including dog leashes designed and manufactured by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi USA, Inc.

8. On or about May 10, 2006, plaintiff purchased from defendant Wal Mart Stores, Inc. a dog leash known as a "Classic Long 3" which was designed for "large dogs up to 110 lbs.". and that had previously been designed, manufactured, constructed, assembled, inspected, and sold by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi Usa, Inc.

9. On May 10, 2006, the dog leash had not been altered or changed in the condition in which it was supplied to the plaintiff when he attempted to use it, in the proper and intended manner, in the course of walking his dog, which weighed approximately 60 lbs., at which time it malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash casing to hit the plaintiff in the mouth which resulted in the injuries and damages described below.

## COUNT I-NEGLIGENCE OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

10. At all times mentioned in this complaint, defendant Flexi Bogdahn International, GmbH & CO KG breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

11. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

12. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.


## COUNT II-NEGLIGENCE OF FLEXI USA, INC.

2.

13. At all times mentioned in this complaint, defendant Flexi USA, Inc. breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

14. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

15. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT III-NEGLIGENCE OF WAL MART

16. At all times mentioned in this complaint, defendant Wal Mart Stores, Inc. breached its duty to the plaintiff when it so negligently and carelessly inspected, maintained and sold the dog leash that was dangerous and unsafe for its intended uses.

17. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

18. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT IV-STRICT LIABILITY OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

19. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

3

20. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

21. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

22. As the commercial manufacturer of the dog leash, Flexi Bogdahn International, GmbH & CO. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT V-STRICT LIABILITY OF FLEXI USA

23. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

24. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

25. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

26. As the commercial manufacturer and/or distributor of the dog leash, Flexi USA, Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VI-STRICT LIABILITY OF WAL MART

4

27. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

28. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

29. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

30. As the commercial seller of the dog leash, Wal Mart Stores, Inc., Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above as such unreasonable dangerousness constituted a breach of the duty owed by the defendant to the plaintiff.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-315

31. Before it manufactured for sale the dog leash in this matter, Flexi Bogdahn International, GmbH & CO KG had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

32. Further, Flexi Bogdahn International, GmbH & CO KG had good reason to know that the plaintiff was relying on the manufacturer's skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

33. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi Bogdahn International, GmbH & CO KG's Implied Warranty of Fitness for a Particular Purpose.

34. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

**COUNT VIII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI USA IN VIOLATION OF 810 ILCS 5/2-315**

35. Before it manufactured and/or distributed for sale the dog leash in this matter, Flexi USA, Inc. had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

36. Further, Flexi USA, Inc. had good reason to know that the plaintiff was relying on its skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

37. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi USA's Implied Warranty of Fitness for a Particular Purpose.

38. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.


**COUNT IX-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG**

39. Flexi Bogdahn International, GmbH & CO KG is a seller and manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

40. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

41. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT X-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI USA, INC.

42. Flexi USA, Inc. is a seller and/or manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

43. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

44. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XI-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY WAL MART STORES, INC.

47. Wal Mart Stores, Inc. is a seller of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

46. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

47. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XII-BREACH OF EXPRESS WARRANTY BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-313

48. As the manufacturer and seller of the dog leash at issue in this matter, the defendant Flexi Bogdahn International, GmbH & CO KG made several affirmations of fact,

7

promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

49. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

50. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

51. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XIII-BREACH OF EXPRESS WARRANTY BY FLEXI USA, INC. IN VIOLATION OF 810 ILCS 5/2-313

52. As the manufacturer and/or seller of the dog leash at issue in this matter, the defendant Flexi USA, Inc. made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

53. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

54. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

55. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XIV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG

56. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi Bogdahn International, GmbH & CO KG is subject to the strictures of the Magnuson-Moss Warranty Act.

57. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

58. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI USA, INC.

59. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi USA, Inc. is subject to the strictures of the Magnuson-Moss Warranty Act.

60. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

61. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. General damages in excess of $50,000.00 according to proof;

9

2. Special damages according to proof;

3. Attorney Fees as provided by the Magnuson Moss Warranty Act;

4. Costs of this action; and

5. Any other and further relief that the court considers proper.

_Bee K. C4_
Blake K. Cosentino

Blake K. Cosentino
ARDC# 6282692
213 S. 2nd Street
DeKalb, IL 60115
815-758-4441

10

# EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/10/2008
CT Log Number 513514228

|||||||||||||||||||||||||||||||||||||||||||||||||||

TO:   Kim Lundy
      Wal-Mart Stores, Inc.
      702 SW 8th Street
      Bentonville, AR 72716

RE:   **Process Served in Illinois**

FOR:  Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Francis Ryan, Pltf. vs. Flex Bogdahn International, etc., et al. including Wal Mart Stores, Inc., etc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Complaint |
| **COURT/AGENCY:** | Dekalb County - 16th Judicial Circuit Court, IL Case # 08 L 50 |
| **NATURE OF ACTION:** | Product Liability Litigation - Sold malfunction leash - Personal Injury - 05/10/2006 - Hardened plastic leash hit plaintiff in the mouth |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/10/2008 at 12:22 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, exclusive of the day of service // 11/10/2008 at 9:30 a.m. - Case Management |
| **ATTORNEY(S) / SENDER(S):** | Blake K. Cosentino 213 S. 2nd Street Dekalb, IL 60115 815-758-4441 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/10/2008, Expected Purge Date: 06/15/2008 Image SOP - Page(s): 13 Email Notification, Melanie McGrath-CT East CLS-VerificationEast@wolterskluwer.com |
| **SIGNED:** **PER:** **ADDRESS:** **TELEPHONE:** | C T Corporation System Tawana Carter 208 South LaSalle Street Suite 814 Chicago, IL 60604 312-345-4336 |

Page 1 of 1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FRANCIS RYAN,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )
                                       )
FLEXI-BOGDAHN INTERNATIONAL,           )        CASE NO.:
GMBH & CO KG, a German corporation,)
FLEXI USA, INC., a Wisconsin           )
corporation and WAL MART STORES,       )
INC., an Arkansas corporation,         )
                                       )
            Defendants.                )

## AFFIDAVIT OF NICHOLAS J. PAROLISI, JR. IN SUPPORT OF DEFENDANTS, FLEXI USA, INC. AND WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Nicholas J. Parolisi, Jr., under oath, states that he is over the age of 18, has personal knowledge of, and is competent to testify to the following facts:

1.    I am a member of the law firm of Litchfield Cavo LLP, counsel for Defendants, Flexi USA, Inc. ("Flexi USA") and Wal-Mart Stores, Inc. ("Wal-Mart"), in the above-captioned matter.

2.    I make this affidavit in support of Flexi USA and Wal-Mart's Notice of Removal.

3.    Plaintiff's counsel has made a settlement demand of $115,754.08 for medical and dental bills, future dental bills, pain and suffering and other damages.

FURTHER AFFIANT SAYETH NOT.

_____
Nicholas J. Parolisi, Jr.

Subscribed and sworn to before

me this 10th day of July, 2008.



Notary Public

"OFFICIAL SEAL"
JANINE M MCINERNEY
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 07/01/09