IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| FRANCIS RYAN, ) | | |
| Plaintiff, ) | | |
| v. ) | No. 08 CV 50137 | |
| ) | | |
| FLEXI-BOGDAHN INTERNATIONAL, ) | | |
| GMBH & CO KG, a German Corporation, ) | | |
| FLEXI USA, INC., a Wisconsin ) | | |
| Corporation and WAL MART STORES, ) | | |
| INC., an Arkansas Corporation, ) | | |
| ) | | |
| Defendants. ) | | |

**OBJECTION TO DEFENDANT FLEXI-BOGDAHN INTERNATIONAL'S MOTION FOR EXTENSION OF TIME**

The plaintiff objects to the Defendant's Motion for Extension of Time as follows:

1.  The defendants Flexi USA, Inc. and Wal Mart Stores, Inc. filed a Notice of Removal in this case on July 10, 2008.

2.  Under Federal Rule of Civil Procedure 81(c)(2)(C), the defendant Flexi-Bogdahn International had until July 15, 2008, or five (5) days from the filing of its Notice of Removal to file an initial responsive pleading.

3.  On July 18, 2008, the defendant Flexi-USA, Inc. filed its Motion for Extension of Time to File Initial Responsive Pleading.

4.  Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.

1

5.      Excusable neglect has been interpreted as the missing of deadline because of such things as "misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

6.      Put another way, excusable neglect means that a court will grant relief to the party missing a deadline only where the actions leading to the default were not willful, careless, or negligent. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1107 (7th Cir. 1994).

7.      The U.S. Supreme Court has held that inadvertence, ignorance of the rules, or mistakes construing the rules does not constitute excusable neglect. *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 392 (1993).

8.      In determining whether neglect is excusable, a court should consider such circumstances as "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

9.      The Seventh Circuit has further held that, "court-imposed deadlines are no less binding merely because they have passed. The overriding principle at stake involves [a court's] ability to mitigate the scourge of litigation delays by setting deadlines" to force diligence. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

10.     Further, a showing of prejudice or harm is unnecessary for the neglect to be inexcusable under or else the word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm. *Cagle v. K-Five Constr. Co.*, 954 F. Supp. 1267 (N.D.Ill. 1997).

11.     In the case at bar, the defendant has made no allegation that its neglect in failing to file its Motion to Extend within the time set forth by rule is excusable.

12. Furthermore, if the Court allowed the defendant to file an untimely 12(b) Motion based on insufficient service of process, it will further delay these proceedings for a great deal of time because the defendant is seeking to require service on it pursuant to the Hague Convention.

13. It is appropriate for this Court to deny the Motion to Extend Time.

**WHEREFORE,** the plaintiff prays that this Court denies the Motion to Extend Time to File a Responsive Pleading.

/s/ Chris Cosentino
Plaintiff's Attorney

Chris Cosentino
ARDC# 6272089
801 E. Main Street
St. Charles, IL 60174
(630) 377-9730