IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FRANCIS RYAN,                         )<br>                                       )<br>    Plaintiff,                         )<br>                                       )<br>    v.                                 )<br>                                       )<br>FLEXI-BOGDAHN INTERNATIONAL,           )<br>GMBH & CO KG, a German corporation,)<br>FLEXI USA, INC., a Wisconsin           )<br>corporation and WAL-MART STORES,       )<br>INC., an Arkansas corporation,         )<br>                                       )<br>    Defendants.                        ) | CASE NO.: 3:08 CV 50137<br><br>Magistrate Judge Mahoney |

### DEFENDANT FLEXI USA INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant, Flexi USA, Inc., by and through its attorneys, Litchfield Cavo LLP, and for its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

1.   Plaintiff filed a complaint against the defendants, Flexi USA, Inc. ("Flexi USA"), Wal-Mart Stores, Inc., and Flexi-Bogdahn International, GmbH & CO KG.  (See Complaint attached as Exhibit 1).

2.   The plaintiff alleges that he sustained personal injuries and damages while using a dog leash.  (See Complaint, Exhibit 1).  The plaintiff alleges that he was injured because the dog leash he was using, known as "the Classic Long 3," was defective. (See Complaint, Exhibit 1).

3.   The plaintiff purports to allege various causes of action against the defendants.  Among the claims alleged, the plaintiff purports to assert a warranty claim

under the Magnuson-Moss Warranty Act in Count XV against Flexi USA. (See Complaint, Exhibit 1).

4.     The plaintiff's warranty claim against Flexi USA under the Magnuson-Moss Warranty Act alleged in Count XV cannot stand. The plaintiff must plead and prove that Flexi USA was afforded a reasonable opportunity to cure or remedy the alleged defect in order to state a warranty claim under the Magnuson-Moss Warranty Act. See *Portillo v. Georgie Boy Manufacturing, LLC,* 2005 WL 2787211 at *2 (N.D. Ill. 2005); *Atchole v. Silver Spring Imports, Inc.,* 379 F. Supp. 2d 797, 800 (D. Md. 2005). The plaintiff fails to allege that Flexi USA was given a reasonable opportunity to cure or repair the allegedly defective dog leash. (See Count XV of Complaint, Exhibit 1). Therefore, Count XV of the plaintiff's complaint should be dismissed with prejudice.

WHEREFORE, Defendant, Flexi USA, Inc., requests that this Honorable Court enter an order dismissing with prejudice the warranty claim brought under the Magnuson-Moss Warranty Act in Count XV of the plaintiff's complaint against Defendant, Flexi USA, Inc. and awarding such other relief as this Court deems just and proper.

Respectfully submitted,

By:     /s/ Nicholas J. Parolisi, Jr.
Nicholas J. Parolisi, Jr.

Nicholas J. Parolisi, Jr.
**Litchfield Cavo LLP**
303 West Madison Street
Suite 300
Chicago, IL  60606-3300
Phone:     (312) 781-6665
Fax:         (312) 781-6630

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

FILED
MAY 12 2008
Maureen A. Josh
Clerk of the Circuit Court
DeKalb County, Illinois

NOTICE
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE TO BE CONDUCTED AT THE DeKALB COUNTY COURTHOUSE, SYCAMORE, IL IN ACCORDANCE WITH SUPREME COURT RULE 213 BEFORE JUDGE _Klein_ ON _11/10/08_ AT _9:30_ AM PM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

FRANCIS RYAN,           )
          Plaintiff,    )
                        )
v.                      )   Case No.
                        )
FLEXI-BOGDAHN INTERNATIONAL, )
GMBH & CO KG, a German Corporation, )
FLEXI USA, INC., a Wisconsin )   Plaintiff demands trial by jury
Corporation and WAL MART STORES, )
INC., an Arkansas Corporation, )
                        )   08 L 50
          Defendants    )

## COMPLAINT AT LAW

Plaintiff complains and for causes of action alleges as follows:

### COMMON ALLEGATIONS

1. Plaintiff, Francis Ryan, is an individual and is now, and at all times mentioned in this complaint was, a resident of DeKalb County, Illinois.

2. Defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was, a foreign corporation organized and existing under the laws of the Country of Germany, with its principal place of business in Bargteheide, Germany.

3. Defendant Flexi USA, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cincinnati, Ohio.

4. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

5. Upon information and belief, defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes.

6. Upon information and belief, defendant Flexi USA, Inc is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes

1

manufactured by itself or by the defendant Flexi Bogdahn International, GmbH & CO KG.

7. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was a commercial supplier, in the business of inspecting and selling at retail to members of the public various types of household products, including dog leashes designed and manufactured by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi USA, Inc.

8. On or about May 10, 2006, plaintiff purchased from defendant Wal Mart Stores, Inc. a dog leash known as a "Classic Long 3" which was designed for "large dogs up to 110 lbs." and that had previously been designed, manufactured, constructed, assembled, inspected, and sold by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi Usa, Inc.

9. On May 10, 2006, the dog leash had not been altered or changed in the condition in which it was supplied to the plaintiff when he attempted to use it, in the proper and intended manner, in the course of walking his dog, which weighed approximately 60 lbs., at which time it malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash casing to hit the plaintiff in the mouth which resulted in the injuries and damages described below.

## COUNT I-NEGLIGENCE OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

10. At all times mentioned in this complaint, defendant Flexi Bogdahn International, GmbH & CO KG breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

11. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

12. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT II-NEGLIGENCE OF FLEXI USA, INC.

13. At all times mentioned in this complaint, defendant Flexi USA, Inc. breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

14. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

15. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT III-NEGLIGENCE OF WAL MART

16. At all times mentioned in this complaint, defendant Wal Mart Stores, Inc. breached its duty to the plaintiff when it so negligently and carelessly inspected, maintained and sold the dog leash that was dangerous and unsafe for its intended uses.

17. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

18. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT IV-STRICT LIABILITY OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

19. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

20. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

21. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

22. As the commercial manufacturer of the dog leash, Flexi Bogdahn International, GmbH & CO is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT V-STRICT LIABILITY OF FLEXI USA

23. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

24. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

25. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

26. As the commercial manufacturer and/or distributor of the dog leash, Flexi USA, Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT VI-STRICT LIABILITY OF WAL MART

27. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

28. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

29. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

30. As the commercial seller of the dog leash, Wal Mart Stores, Inc., Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above as such unreasonable dangerousness constituted a breach of the duty owed by the defendant to the plaintiff.

**WHEREFORE**, plaintiff demands judgment as set forth below.

### COUNT VII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-315

31. Before it manufactured for sale the dog leash in this matter, Flexi Bogdahn International, GmbH & CO KG had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

32. Further, Flexi Bogdahn International, GmbH & CO KG had good reason to know that the plaintiff was relying on the manufacturer's skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

33. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi Bogdahn International, GmbH & CO KG's Implied Warranty of Fitness for a Particular Purpose.

34. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

**WHEREFORE**, plaintiff demands judgment as set forth below.

### COUNT VIII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI USA IN VIOLATION OF 810 ILCS 5/2-315

35. Before it manufactured and/or distributed for sale the dog leash in this matter, Flexi USA, Inc. had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

36. Further, Flexi USA, Inc. had good reason to know that the plaintiff was relying on its skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

37. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi USA's Implied Warranty of Fitness for a Particular Purpose.

38. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT IX-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

39. Flexi Bogdahn International, GmbH & CO KG is a seller and manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

40. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

41. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT X-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI USA, INC.

42. Flexi USA, Inc. is a seller and/or manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

43. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

44. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XI-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY WAL MART STORES, INC.

47. Wal Mart Stores, Inc. is a seller of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

46. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

47. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XII-BREACH OF EXPRESS WARRANTY BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-313

48. As the manufacturer and seller of the dog leash at issue in this matter, the defendant Flexi Bogdahn International, GmbH & CO KG made several affirmations of fact,

promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

49. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

50. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

51. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

**WHEREFORE**, plaintiff demands judgment as set forth below.

### COUNT XIII-BREACH OF EXPRESS WARRANTY BY FLEXI USA, INC. IN VIOLATION OF 810 ILCS 5/2-313

52. As the manufacturer and/or seller of the dog leash at issue in this matter, the defendant Flexi USA, Inc. made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

53. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

54. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

55. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT XIV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG

56. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi Bogdahn International, GmbH & CO KG is subject to the strictures of the Magnuson-Moss Warranty Act.

57. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

58. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT XV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI USA, INC.

59. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi USA, Inc. is subject to the strictures of the Magnuson-Moss Warranty Act.

60. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

61. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. General damages in excess of $50,000.00 according to proof;

2. Special damages according to proof;

3. Attorney Fees as provided by the Magnuson Moss Warranty Act;

4. Costs of this action; and

5. Any other and further relief that the court considers proper.

                                                                                                      Blake K. Cosentino

Blake K. Cosentino
ARDC# 6282692
213 S. 2nd Street
DeKalb, IL 60115
815-758-4441