IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FRANCIS RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:08 CV 50137 |
| ) | |
| FLEXI-BOGDAHN INTERNATIONAL, ) | |
| GMBH & CO KG, a German corporation,) | Magistrate Judge Mahoney |
| FLEXI USA, INC., a Wisconsin ) | |
| corporation and WAL-MART STORES, ) | |
| INC., an Arkansas corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT FLEXI USA, INC.'S AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Flexi USA, Inc., by and through its attorneys, Litchfield Cavo LLP, subject to and without waiver of its denials in its Answer to Plaintiff's Complaint at Law, and for its Affirmative Defenses to the causes of action contained in Plaintiff's Complaint at Law, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.　　The plaintiff filed negligence and strict product liability claims against Flexi USA, Inc. ("Flexi USA") in the Complaint at Law.

2.　　The plaintiff alleges that he sustained personal injuries and damages as a result of an accident that occurred while using a dog leash.

3.　　The plaintiff had a duty to exercise reasonable care in the use, maintenance, inspection, and operation of said dog leash.

4.　　At all material times herein, the plaintiff breached his duties, by committing one or more of the following negligent acts and/or omissions:

  a. Failed to properly use the dog leash so as to avoid injury;

  b. Failed to properly inspect the dog leash prior to use so as to avoid injury; and,

  c. Was otherwise careless and/or negligent.

5. As a direct and proximate result of the one or more of the aforesaid negligent acts and/or omissions, the plaintiff suffered alleged injuries and damages.

6. At all material times herein, Section 2-1116 of the Illinois Code of Civil Procedure bars the plaintiff's claims or allows for a reduction of damages recoverable by the plaintiff based on the plaintiff's comparative fault.

7. The plaintiff's comparative fault exceeds fifty percent of the total fault attributable, and as such the plaintiff's negligence and strict products liability claims are barred.

8. Pleading in the alternative, the plaintiff's fault is fifty percent or less of the total fault attributable, and as such any recovery in favor of the plaintiff, which Flexi USA denies, must be reduced by the percentage of comparative negligence attributable to the plaintiff.

WHEREFORE, Defendant, Flexi USA, Inc. prays that the Court enter an Order barring the plaintiff from recovering under the negligence or strict products liability claims asserted in Count II and V of Plaintiff's Complaint at Law in the event the plaintiff's comparative fault exceeds fifty percent of the total fault attributable, or alternatively reduce any judgment entered in favor of the plaintiff in Counts II or V, which Defendant, Flexi USA, Inc. denies, by the percentage of comparative fault attributable to the plaintiff in the event the plaintiff's fault is fifty percent or less of the total fault attributable.

## SECOND AFFIRMATIVE DEFENSE

1.	The plaintiff alleges a strict product liability claim against Flexi USA in Count V of Plaintiff's Complaint at Law.

2.	The plaintiff alleges that he was a resident of Illinois at all material times herein.

4.	The plaintiff sued Flexi-Bogdahn International GmbH & CO KG as the alleged product manufacturer in the Complaint at Law.

5.	Section 2-621 of the Illinois Code of Civil Procedure provides for dismissal of a strict products liability claim against a non-manufacturer where the manufacturer is identified.

6.	Flexi USA is entitled to dismissal with prejudice of the strict products liability claim asserted in Count V pursuant to Section 2-621 of the Illinois Code of Civil Procedure.

WHEREFORE, Defendant, Flexi USA, Inc., Inc. prays that the Court enter an Order dismissing with prejudice Count V of Plaintiff's Complaint at Law and for such other relief as the Court deems just and proper.

## THIRD AFFIRMATIVE DEFENSE

1.	The plaintiff filed negligence and strict product liability claims against Flexi USA in the Complaint at Law.

2.	The plaintiff alleges that he sustained personal injuries and damages as a result of an accident that occurred while using a dog leash.

3.	The plaintiff assumed the risk of injury in using said dog leash.

WHEREFORE, Defendant, Flexi USA, Inc. prays that the Court enter an Order entering judgment in its favor and against the plaintiff on Counts II and V of Plaintiff's Complaint at Law in accordance with this Affirmative Defense and for such other relief as the Court deems just and proper.

## FOURTH AFFIRMATIVE DEFENSE

The express warranty alleged in Count XIII of Plaintiff's Complaint does not apply to Flexi USA, as Flexi is not the manufacturer of the dog leash at issue, and therefore the plaintiff is unable to state a cause of action or obtain a recovery under an express warranty claim against Flexi USA.

WHEREFORE, Defendant, Flexi USA, Inc. prays that the Court enter an Order entering judgment in its favor and against the plaintiff on Count XIII of Plaintiff's Complaint at Law in accordance with this Affirmative Defense and for such other relief as the Court deems just and proper.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to allege additional affirmative defenses.

    Respectfully submitted,

By:   /s/ Nicholas J. Parolisi, Jr.
      Nicholas J. Parolisi, Jr.

Nicholas J. Parolisi, Jr.
**Litchfield Cavo LLP**
303 West Madison Street
Suite 300
Chicago, IL  60606-3300
Phone:	(312) 781-6665
Fax:	(312) 781-6630