IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FRANCIS RYAN,                                    )
                                                 )
              Plaintiff,                         )
                                                 )
       v.                                        )       CASE NO.: 3:08 CV 50137
                                                 )
FLEXI-BOGDAHN INTERNATIONAL,                     )
GMBH & CO KG, a German corporation,)             Magistrate Judge Mahoney
FLEXI USA, INC., a Wisconsin                      )
corporation and WAL-MART STORES,                 )
INC., an Arkansas corporation,                   )
                                                 )
              Defendants.                        )

### DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, Wal-Mart Stores, Inc., by and through its attorneys,

Litchfield Cavo LLP, and for its Answer to Plaintiff's Complaint at Law, states as follows:

1.     Plaintiff, Francis Ryan, is an individual and is now, and at all times mentioned in
       this complaint was, a resident of DeKalb County, Illinois.

**ANSWER:**     This Defendant has insufficient knowledge as to the truth or falsity of the
                allegations contained in paragraph 1, and therefore neither admits nor
                denies said allegations, and demands strict proof thereof.

2.     Defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times
       mentioned in this complaint was, a foreign corporation organized and existing
       under the laws of he Country of Germany, with its principal place of business in
       Bargteheide, Germany.

**ANSWER:**     This Defendant has insufficient knowledge as to the truth or falsity of the
                allegations contained in paragraph 2, and therefore neither admits nor
                denies said allegations, and demands strict proof thereof.

3.     Defendant Flexi USA, Inc. is now, and at all times mentioned in this complaint
       was, a corporation organized and existing under the laws of the State of
       Wisconsin, with its principal place of business in Cincinnati, Ohio.

**ANSWER:**    This Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in paragraph 3, and therefore neither admits nor denies said allegations, and demands strict proof thereof.

4.    Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

**ANSWER:**    This Defendant admits that its principal place of business is in Bentonville, Arkansas, but denies the remaining allegations contained in paragraph 4, and demands strict proof thereof.

5.    Upon information and belief, defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes.

**ANSWER:**    This Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in paragraph 5, and therefore neither admits nor denies said allegations, and demands strict proof thereof.

6.    Upon information and belief, defendant Flexi USA, Inc is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes manufactured by itself or by the defendant Flexi Bogdahn International, GmbH & CO KG.

**ANSWER:**    This Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in paragraph 6, and therefore neither admits nor denies said allegations, and demands strict proof thereof.

7.    Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was a commercial supplier, in the business of inspecting and selling at retail to members of the public various types of household products, including dog leashes designed and manufactured by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi USA, Inc.

**ANSWER:**    This Defendant admits that it sold household products including dog leashes, but denies that it inspected or was in the business of inspecting household products including dog leashes. This Defendant has insufficient knowledge as to the truth or falsity of the remaining allegations contained in paragraph 7, and therefore neither admits nor denies said allegations, and demands strict proof thereof.

8.      On or about May 10, 2006, plaintiff purchased from defendant Wal Mart Stores, Inc. a dog leash known as a "Classic Long 3" which was designed for "large dogs up to 110 lbs" and that had previously been designed, manufactured, constructed, assembled, inspected, and sold by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi Usa, (sic) Inc.

**ANSWER:**    This Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in paragraph 8, and therefore neither admits nor denies said allegations, and demands strict proof thereof.

9.      On May 10, 2006, the dog leash had not been altered or changed in the condition in which it was supplied to the plaintiff when he attempted to use it, in the proper and intended manner, in the course of walking his dog, which weighed approximately 60 lbs., at which time it malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash casing- to hit the plaintiff in the mouth which resulted in the injuries and damages described below.

**ANSWER:**    This Defendant denies the allegations  and  conclusions  contained  in paragraph 9, and demands strict proof thereof.

## COUNT I - NEGLIGENCE OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

10.     At all-times mentioned in this complaint, defendant Flexi Bogdahn International, GmbH & CO KG breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 10 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

11.     As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 11 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

12.    As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 12 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT II - NEGLIGENCE OF FLEXI USA, INC.

13.    At all times mentioned in this complaint, defendant Flexi USA, Inc. breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 13 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

14.    As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 14 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

15.    As a further direct and proximate result of the negligence and-carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 15 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT III - NEGLIGENCE OF WAL MART

16.    At all times mentioned in this complaint, defendant Wal Mart Stores, Inc. breached its duty to the plaintiff when it so negligently and carelessly inspected,

maintained and sold the dog leash that was dangerous and unsafe for its intended uses.

**ANSWER:**    This Defendant denies the allegations and conclusions contained in paragraph 16, and demands strict proof thereof.

17.    As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

**ANSWER:**    This Defendant denies the allegations and conclusions contained in paragraph 17, and demands strict proof thereof.

18.    As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

**ANSWER:**    This Defendant denies the allegations and conclusions contained in paragraph 18, and demands strict proof thereof.

## COUNT IV - STRICT LIABILITY OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

19.    At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 19 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

20.    As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 20 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

21.     As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several-oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 21 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

22.     As the commercial manufacturer of the dog leash, Flexi Bogdahn International, GmbH & CO is strictly liable for the plaintiff's injuries for producing and selling the defective, and dangerous leash as described above.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 22 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT V - STRICT LIABILITY OF FLEXI USA

23.     At all-times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 23 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

24.     As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 24 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

25.     As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries

over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 25 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

26.     As the commercial manufacturer and/or distributor of the dog leash, Flexi USA, Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 26 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT VI - STRICT LIABILITY OF WAL MART

27.     At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

**ANSWER:**     This Defendant denies the allegations and conclusions contained in paragraph 27, and demands strict proof thereof.

28.     As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

**ANSWER:**     This Defendant denies the allegations and conclusions contained in paragraph 28, and demands strict proof thereof.

29.     As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

**ANSWER:**     This Defendant denies the allegations and conclusions contained in paragraph 29, and demands strict proof thereof.

30.     As the commercial seller of the dog leash, Wal Mart Stores, Inc., Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and

dangerous leash as described above as such unreasonable dangerousness constituted a breach of the duty owed by the defendant to the plaintiff.

**ANSWER:**    This Defendant denies the allegations and conclusions contained in paragraph 30, and demands strict proof thereof.

## COUNT VII - BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-315

31.    Before it manufactured for sale the dog leash in this matter, Flexi Bogdahn International, GmbH & CO KG had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 31 because said Count and allegations are not directed against it. To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

32.    Further, Flexi Bogdahn International, GmbH & CO KG had good reason to know that the plaintiff was relying on the manufacturer's skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 32 because said Count and allegations are not directed against it. To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

33.    The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi Bogdahn International, GmbH & CO KG's Implied Warranty of Fitness for a Particular Purpose.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 33 because said Count and allegations are not directed against it. To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

34.    The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 34 because said Count and allegations are not directed against it. To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT VIII - BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI USA IN VIOLATION OF 810 ILCS 5/2-315

35.    Before it manufactured and/or distributed for sale the dog leash in this matter, Flexi USA, Inc. had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 35 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

36.    Further, Flexi USA, Inc. had good reason to know that the plaintiff was relying on its skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 36 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

.
37.    The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. it weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi USA's Implied Warranty of Fitness for a Particular Purpose.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 37 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

38.    The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 38 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT IX -  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

39.    Flexi Bogdahn International, GmbH & CO KG is a seller and manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to

that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 39 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

40.    The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 40 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

41.    The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 41 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT X - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY FLEXI USA, INC.

42.    Flexi USA, Inc. is a. seller and/or manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 42 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

43.    The dog leash used by the plaintiff was not fit for the ordinary purposes for which-dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 43 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

44.     The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 44 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

### COUNT XI - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY WAL MART STORES, INC.

45.     Wal Mart-Stores, Inc. is a seller of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

**ANSWER:**     This Defendant admits that it sells the type of dog leash in question, but has insufficient knowledge as to the truth or falsity of the allegation that it sold the dog leash in question to the plaintiff, and therefore neither admits nor denies said allegation, and demands strict proof thereof.  This Defendant denies the remaining allegations and conclusions contained in paragraph 45, and demands strict proof thereof.

46.     The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of. merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

**ANSWER:**     This Defendant denies the allegations and conclusions contained in paragraph 46, and demands strict proof thereof.

47.     The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

**ANSWER:**     This Defendant denies the allegations and conclusions contained in paragraph 47, and demands strict proof thereof.

## COUNT XII - BREACH OF EXPRESS WARRANTY BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-313

48.     As the manufacturer and seller of the dog leash at issue in this matter, the defendant Flexi Bogdahn International, GmbH & CO KG made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 48 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

49.     As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 49 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

50.     Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs and would be able to sustain a dog of that size or smaller.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 50 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

51.     The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 51 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

## COUNT XIII - BREACH OF EXPRESS WARRANTY BY FLEXI USA, INC. IN VIOLATION OF 810 ILCS 5/2-313

52.     As the manufacturer and/or seller of the dog leash at issue in this matter, the defendant Flexi USA, Inc. made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 52 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

53.     As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 53 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

54.     Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 54 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

55.     The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 55 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

### COUNT X1V - BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. & 2301, ET SEQ. BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG

56.     As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi Bogdahn International, GmbH.& CO KG is subject to the strictures of the Magnuson Moss Warranty Act.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 56 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

57.     As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written-promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 57 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

58.     The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § .2310.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 58 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

### COUNT XV - BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. & 2301, ET SEQ. BY FLEXI USA, INC.

59.     As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi USA, Inc. is subject to the strictures of the Magnuson Moss Warranty Act.

**ANSWER:**     This Defendant makes no answer to the allegations contained in paragraph 59 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

60.    As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that Such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 60 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

61.    The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

**ANSWER:**    This Defendant makes no answer to the allegations contained in paragraph 61 because said Count and allegations are not directed against it.  To the extent said allegations are directed against it, this Defendant denies said allegations, and demands strict proof thereof.

WHEREFORE, Defendant, Wal-Mart Stores, Inc. prays that the Court enter judgment in its favor and against the Plaintiff, with costs assessed against the Plaintiff.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

By:    /s/ Nicholas J. Parolisi, Jr.
Nicholas J. Parolisi, Jr.

Nicholas J. Parolisi, Jr.
**Litchfield Cavo LLP**
303 West Madison Street
Suite 300
Chicago, IL  60606-3300
Phone:         (312) 781-6665
Fax:            (312) 781-6630